IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs at Knoxville December 18, 2013

**STATE OF TENNESSEE v. ASHLEY AARON SELKE**

**Appeal from the Circuit Court for Dickson County**
**No. 22CC-2009-CR-605      Robert E. Burch, Judge**

—————

**No. M2013-01720-CCA-R3-CD - Filed January 28, 2014**

—————

Appellant, Ashley Aaron Selke, pleaded guilty to two counts of burglary and received a two-year sentence for each count, to be served concurrently. The record reflects that appellant received pretrial jail credit for time served in confinement, and the remainder of his sentence was suspended to probation. A violation of probation warrant was subsequently filed, alleging that appellant had committed new offenses while on probation. The trial court revoked his probation, and this appeal follows. Appellant now alleges that the trial court abused its discretion by ordering appellant to serve the remainder of his sentence in confinement rather than extending appellant's probation or placing appellant in the community corrections program. After our review of the parties' briefs, the record, and the applicable law, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and NORMA MCGEE OGLE, J., joined.

William B. Lockert, III, District Public Defender, Ashland City, Tennessee, for the appellant, Ashley Aaron Selke.

Robert E. Cooper, Attorney General and Reporter; Leslie E. Price, Senior Counsel; Dan Mitchum Alsobrooks, District Attorney General; and Carey Thompson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

## I. Facts

Appellant pleaded guilty and judgments were entered in the instant case on March 18, 2011. A violation of probation warrant was issued on July 13, 2012. The trial court held a hearing regarding the probation violation on June 28, 2013.

At the hearing, the State presented appellant's probation officer, Austin Frye, as a witness. Mr. Frye stated that he had conducted one meeting with appellant because appellant was in custody in Williamson County when Mr. Frye assumed appellant's supervision. Mr. Frye testified that after appellant was released from Williamson County jail and discharged from a drug treatment program for failing to follow the rules, appellant was indicted for resisting arrest and evading arrest. On April 9, 2013, appellant pleaded guilty to resisting arrest.

Appellant testified that on July 7, 2012, he attempted to flee when officers approached him and that the officers used a taser to prevent his flight. As a result, appellant required spleen surgery at Vanderbilt Hospital. He was charged with resisting arrest and evading arrest. Appellant stated that he had been incarcerated for fifteen months and ten days. He explained that he was on probation in three separate jurisdictions and that after he was discharged from the Synergy Treatment Program, he contacted each of his probation officers in accordance with the terms of his probation. He asserted that if placed on probation, he would continue to properly contact his probation officers. He also opined that due to the resisting arrest and evading arrest charges, he had developed a greater appreciation of the necessity of following the mandates of law and the directions of law enforcement officers.

After hearing this proof, the trial court found that appellant had violated his probation and ordered him to serve the remainder of his sentence in confinement.

## II. Analysis

On appeal, appellant argues that the trial court abused its discretion by ordering him to serve the remainder of his sentence in confinement rather than extending his probation or placing him in the community corrections program.

The revocation of a suspended sentence rests in the sound discretion of the trial judge. *State v. Gregory*, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997) (citing *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991)). In determining whether to revoke probation, it is not necessary that the trial judge find that a violation of the terms of the probation has

occurred beyond a reasonable doubt. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). If the trial court finds by a preponderance of the evidence that the defendant has violated the conditions of probation, the court is granted the authority to: (1) order confinement; (2) order execution of the sentence as originally entered; (3) return the defendant to probation on appropriate modified conditions; or (4) extend the defendant's probationary period by up to two years. Tenn. Code Ann. §§ 40-35-308(a), -308(c), -310, -311(e)(1); *see State v. Hunter*, 1 S.W.3d 643, 648 (Tenn. 1999). The appellate standard of review of a probation revocation is abuse of discretion. *See State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *see also State v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007). Generally, "[a] trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010) (citing *State v. Jordan*, 325 S.W.3d 1, 38-40 (Tenn. 2010)). In the context of probation revocations, for this court to find an abuse of discretion, "there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." *Shaffer*, 45 S.W.3d at 554; *see also State v. Pamela J. Booker*, No. E2012-00809-CCA-R3-CD, 2012 WL 6632817, at *2 (Tenn. Crim. App. Dec. 19, 2012).

The trial court concluded that appellant had violated the terms and conditions of his probation by garnering another conviction. This determination is supported by the record. Appellant fled from approaching officers, and the officers used a taser to thwart appellant's escape. Appellant was subsequently charged with resisting arrest and evading arrest, and he pleaded guilty to resisting arrest. There is substantial evidence to support the trial court's conclusion. *See Shaffer*, 45 S.W.3d at 554. Therefore, the trial court did not abuse its discretion when it revoked appellant's probation and ordered confinement. Tenn. Code Ann. §§ 40-35-308(a), -308(c), -310, -311(e)(1); *see State v. Hunter*, 1 S.W.3d 643, 648 (Tenn. 1999). Appellant is not entitled to relief on this issue.

## CONCLUSION

Based on the parties' briefs, the record, and the applicable law, we affirm the judgment of the trial court.

_____
ROGER A. PAGE, JUDGE